## DELLA PUHACZ *vs.* NICHOLAS PUHACZ.

JULY 24, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Condon, J. This case is before us on the exception of the petitioner to the dismissal of her petition for divorce by a justice of the superior court.

The parties were married June 8, 1929. The husband is an automobile mechanic by trade. Two children were born of the marriage. On September 13, 1934, the wife brought a petition for divorce, in which she charged her husband in the language of the statute with neglect to provide for the required period. The case came up for hearing on its merits before a justice of the superior court, who, upon motion duly made by the respondent, dismissed the petition at the close of the petitioner's evidence on the ground that the testimony did not establish that the husband had failed to properly support his family in accordance with his means for the period of at least one year next before the filing of the petition. This action of the trial justice is the subject of the petitioner's exception.

The petitioner contends that in the absence of any testimony on behalf of the respondent, the trial justice must accept the testimony of the petitioner, however slight it might be on every point involved, but he cites no authority that supports such a view.

Whatever the rule may be in other jurisdictions, we take this occasion to say that no such rule exists in divorce cases in Rhode Island. This court has repeatedly said that the state is an interested party in divorce actions. *McLaughlin* v. *McLaughlin,* 44 R. I. 429; *Berger* v. *Berger,* 44 R. I. 295. Other actions at law or in equity concern only the adversary interests of the parties as they appear in the record. Such causes may be determined by default or by stipulation of the parties but a divorce cannot be obtained in any such manner. More than slight evidence is required of the petitioner. Affirmative evidence of a convincing nature, both as to the freedom from fault of the petitioner as well as to the guilt of the respondent, is a necessary prerequisite to warrant a decision in favor of the petitioner. It is the duty, therefore, of the trial justice to apply this rule in

weighing the evidence of the petitioner regardless of the failure of the respondent to offer any testimony in his defense. The reasons for this strictness were well stated by SWEETLAND, C. J., in *McLaughlin* v. *McLaughlin, supra,* at page 433, and they are so well known that we need not restate them here.

We have examined the transcript and have given the testimony of the petitioner, together with such reasonable inferences that may be drawn therefrom, full credence in reaching our conclusions. While the record discloses considerable family hardship, due principally to general economic conditions and to a certain degree of mutual irritability, it fails to prove that there was any continued neglect to provide on the part of the husband for the period of one year next before the filing of the petition sufficient to entitle the petitioner to a divorce. *Hurvitz* v. *Hurvitz,* 44 R. I. 478; *Roy* v. *Roy;* 44 R. I. 160.

The petitioner's exception is overruled and the cause is remitted to the superior court.

*Frank W. Golemba, Philip Lieberman,* for petitioner.
*Sarkis Boyajian,* for respondent.